UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHAFER REDI MIX, INC.,

       Plaintiff,

v.

TEAMSTERS LOCAL 7,

       Defendant.
                              /

File No. 1:08-CV-652

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Teamsters Local 7's motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Dkt. No. 71.) Defendant contends that sanction are warranted because Plaintiff's claims were not warranted by existing law, and because, after a reasonable opportunity for further investigation or discovery, no evidentiary support was discovered for Plaintiff's claims. Specifically, Defendant contends that Plaintiff violated Rule 11 by pursuing its claims following the depositions of Brad Foster and Duane Wixson when a reasonable analysis should have demonstrated to Plaintiff that it would not be able to prove that its damages were proximately caused by Local 7's conduct.

Rule 11 "imposes on litigants a 'continuing duty of candor,' and a litigant may be sanctioned 'for continuing to insist upon a position that is no longer tenable.'" *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009). However, the mere fact that

Defendant prevailed on its motion for summary judgment is not, in itself, sufficient to establish that Plaintiff should be sanctioned. *See Moross Ltd. P'ship v. Fleckenstein Capital, Inc.*, 466 F.3d 508, 510 (6th Cir. 2006) (affirming district court's denial of sanctions for defendants despite the fact that it granted summary judgment for defendants); *see also Tahfs v. Proctor*, 316 F.3d 584, 595 (6th Cir. 2003) ("A complaint does not merit sanctions under Rule 11 simply because it merits dismissal pursuant to Rule 12(b)(6)."). "Rule 11 sanctions are appropriate when the district court determines that an attorney's conduct is not 'reasonable under the circumstances.'" *Tahfs*, 316 F.3d at 594 (quoting *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)). For example, sanctions are appropriate where an attorney pursues claims that he should know are "frivolous." *Moross*, 466 F.3d at 520 (quoting *Tareco Props., Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003)). However, Rule 11 "'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" *Tahfs*, 316 F.3d at 595 (quoting *McGhee v. Sanilac County*, 934 F.2d 89, 92 (6th Cir.1991) (quoting Fed.R.Civ.P. 11 advisory committee's note)). Whether to impose sanctions for violations of Rule 11 is a matter left to the court's discretion. Fed. R. Civ. P. 11(c)(1); *Rentz*, 556 F.3d at 395.

Upon review, the Court concludes that Plaintiff did not act unreasonably in continuing to prosecute this case after the close of discovery. Although the Court found insufficient evidence to create a material issue of fact for trial, Plaintiff's position that the circumstantial evidence and the inferences to be drawn from that evidence were sufficient to survive

summary judgment was within the realm of reasonable argument, even if it was not ultimately convincing to the Court. Rule 11 sanctions are not warranted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Teamsters Local 7's motion for Rule 11 sanctions (Dkt. No. 71) is **DENIED**.


Dated: December 3, 2009               /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE